# M. Lansburg & Co. *v.* Phillip Cohen.

### *Assumpsit for Goods and Merchandise sold.*

*Complaint; amendment of.* — A complaint by two persons, suing as late partners, trading under a firm name, on an account contracted with them, may be amended by striking out one plaintiff and declaring on the indebtedness as a cause of action in favor of the remaining plaintiff alone.

APPEAL from Dallas Circuit Court.
Tried before Hon. M. J. SAFFOLD.
The facts are sufficiently stated in the opinion.

[Lansburg v. Cohen.]

W. C. WARD, for appellant, cited Rev. Code, § 2809; *Laird* v. *Moore*, 27 Ala. 326; *Godbold* v. *Blair & Co.* 27 Ala. 592; *Jemison* v. *Smith*, 37 Ala. 185; *Harris* v. *Plant*, 31 Ala. 639; *Humphries* v. *Dawson*, 38 Ala. 203; *Pool* v. *Deavers*, 30 Ala. 672.

JOHNSON & NELSON, *contra.* — If appellant's position be correct, why cannot a suit by an executor, administrator, or trustee be amended so as to make it the suit of the individual? 32 Ala. 676; 30 Ala. 636. Why cannot an entire change of parties be made? *Laird* v. *Moore*, 27 Ala. 326; *Pickens* v. *Oliver*, 32 Ala. 676. Why cannot a suit by a guardian as such, be amended so as to make it the suit of the ward? *Fowlkes* v. *M. & C. R. R.* 38 Ala. 310. Why cannot a suit against several on a joint contract, where all have been served, be amended by striking out one of the parties served? 2 Brick. Dig. p. 370, § 136. The true rule seems to be that the plaintiff may *narrow* or *limit* his right to recover, by amending, but can never *enlarge* it. *Taylor's Executrix* v. *Taylor*, 43 Ala. 650.

A partnership is an *entity*; it is, as it were, the individual or body who brings the suit; it must act collectively, and its action is not the joint action of the members comprising the firm, but the action of the unity constituting the firm; it is the motion, — the *deed* of the firm; hence it has been held that when the suit is brought by a copartnership, you may bring in any number of persons who are members of the firm. *Godbold* v. *Blair & Co.* 27 Ala. But we believe it is just as proper to amend a suit brought by the president and directors of a corporation, so as to make it a suit in the name of the president, as to change the suit of a partnership to the suit of one of its members.

JUDGE, J. — This was a suit upon the common counts, and it was commenced in the name of M. Lansburg and Charles Fleischmann as "late partners trading under the firm name and style of Lansburg & Co."

During the progress of the trial, it was disclosed by the evidence that the indebtedness which was the foundation of the action was due to Lansburg alone, and that no such partnership as that ascribed in the complaint had ever existed. Thereupon a motion was made by the counsel of Lansburg, for leave to amend the complaint by striking out the name of Fleischmann, as a party plaintiff, and further so to amend it, as to show that the right of action was in Lansburg alone as sole plaintiff.

The court refused to allow the amendments to be made.

The effect of the proposed amendments, if they had been

[Wesley v. State.]

allowed, would not have been to substitute an entirely new cause of action, nor to have made an entire change of parties plaintiff. The cause of action would have remained the same as it originally was, although shown to be due in a different right, and one of the original plaintiffs would still have remained a party plaintiff on the record.

Section 2809 of the Revised Code provides that the courts respectively must, whilst the cause is pending, " permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out and adding new parties defendant, upon such terms and conditions as the justice of the case may require. If an amendment of this character should operate as a surprise to the adverse party, the " justice of the case " might require the court to grant a continuance of the cause.

The court erred in refusing to permit the proposed amendment to be made, and the judgment of nonsuit must be set aside and the cause remanded.